IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID TAYLOR, | |
| Plaintiff, | 07 Civ. 7395 (JES)(THK) |
| v. | <u>ECF CASE</u> |
| ARIELA-ALPHA INTERNATIONAL, LLC, | |
| Defendant. | |

**DEFENDANT'S PRELIMINARY POSITION STATEMENT IN OPPOSITION TO PLAINTIFF'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND MOTION FOR A PRELIMINARY INJUNCTION**

HOGAN & HARTSON LLP
875 Third Avenue
New York, New York 10022
212-918-3000

*Attorneys for Defendant*
*Ariela-Alpha International, LLC*

Defendant Ariela-Alpha International, LLC ("AAI") respectfully submits this preliminary position statement in opposition to plaintiff David Taylor's ("Plaintiff") application for a temporary restraining order and preliminary injunction in anticipation of the preliminary conference to be held before this Court on August 22, 2007. For the reasons set forth below, Plaintiff's application is facially deficient and should be denied. Should the Court require additional information in connection with AAI's opposition, AAI reserves the right to file an opposition memorandum of law and supporting factual affidavits pursuant to a briefing schedule to be determined by the Court.

**PROCEDURAL BACKGROUND§**

On August 20, 2001, Plaintiff contemporaneously filed a Complaint and an application for an order to show cause and preliminary injunction seeking to enjoin AAI from exercising its contractual rights under an employment contract dated August 3, 2005 between Plaintiff and AAI (the "Employment Contract"). (Complaint, Ex. B). The Employment Contract contains a one-year covenant not to compete clause in the event of contract termination in which Plaintiff agrees not to "manufacture, represent, sell, or in any way deal in or with products, product lines, suppliers or factories that are manufactured, sold, or represented" by AAI. (Id. ¶ 7).

Plaintiff was employed by AAI from January 2002 through June 2004 and from September 2005 through March 2007. (Id. ¶¶ 7-11). In March 2007, Plaintiff decided for personal reasons to voluntarily terminate his employment with AAI. (Id. ¶ 11). When discussing the terms of his departure, Plaintiff expressly asked AAI whether it intended to enforce the covenant not to compete and was immediately informed that the contractual provision would be enforced. (Id.). Nonetheless, on June 18, 2007, Plaintiff began work for Warnaco, Inc. ("Warnaco"), a company who, along with AAI, is engaged in the business of designing and manufacturing women's intimate apparel. (Id. ¶¶ 4-5). Upon learning of Plaintiff's employment with Warnaco, AAI promptly informed Plaintiff and Warnaco on or about July 25, 2007 that Plaintiff was in violation of the terms of the Employment Contract. (Id. ¶¶ 17-18). Plaintiff was

subsequently terminated by Warnaco on or about July 28, 2007 and commenced the instant action twenty-four days later.[1] (Id. ¶ 19).

## ARGUMENT

**I.    Legal Standards**

A preliminary injunction is "an extraordinary and drastic remedy which should not be routinely granted." Medical Soc'y v. Toia, 560 F.2d 535, 538 (2d Cir. 1977); accord Borey v. Nat'l Union Fire Ins. Co., 934 F.2d 30, 33 (2d Cir. 1991). As a result, the Second Circuit requires a litigant seeking a preliminary injunction or a temporary restraining order[2] to meet an exacting standard. To prevail, the moving party "must demonstrate (1) that it will be irreparably harmed in the absence of an injunction, and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits of the case to make it a fair ground for litigation, and a balance of hardships tipping decidedly in its favor." Saloman Bros. Mun. Partners Fund Inc. v. Thornton, 410 F. Supp. 2d 330, 332 (S.D.N.Y. 2006) (Sprizzo, D.J.); see also Zervos v. Verizon N.Y., Inc., 252 F.3d 163, 172 (2d Cir. 2001) (setting forth preliminary injunction standard).

**II.   Plaintiff Is Unable To Demonstrate Irreparable Harm**

The "single most important prerequisite for the issuance of a preliminary injunction is a demonstration that if relief is not granted the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered." Citibank, N.A. v. Citytrust, 756 F.2d 273, 275 (2d Cir. 1985). An irreparable harm is an injury so serious that "a monetary award cannot be adequate compensation." Estee Lauder Cos., Inc. v. Batra, 430 F. Supp. 2d 158, 174 (S.D.N.Y. 2006), citing Citibank, 756 F.2d at 275. Accordingly, where "money damages is adequate compensation a preliminary injunction will not issue." Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc., 596 F.2d 70, 72 (2d Cir. 1979).

Here, even assuming the truth of Plaintiff's allegations for purposes of this preliminary position statement, Plaintiff has utterly failed to demonstrate irreparable harm. As evinced by the Complaint, the

---

[1] Counsel for Plaintiff's last communication with counsel for AAI prior to notice of filing the instant action occurred on August 8, thirteen days prior to filing.

[2] "In the Second Circuit, the standard for a temporary restraining order is the same as for a preliminary injunction." Jackson v. Johnson, 962 F. Supp. 391, 392-93 (S.D.N.Y. 1997).

3

sum of Plaintiff's damages relates entirely to his termination by Warnaco and resulting loss of salary. The Complaint is devoid of a single factual allegation in support of any contention that Plaintiff has been damaged in a fashion that cannot be compensated monetarily. Should Plaintiff ultimately prevail on the merits, he can be adequately and fully compensated for his loss of salary through a commensurate award of monetary damages. Plaintiff's inability to allege, much less demonstrate, that he has been harmed in a non-monetary fashion is therefore fatal to the application for a preliminary injunction and temporary restraining order. See id.

Additionally, Plaintiff has failed to demonstrate irreparable harm by virtue of his failure to bring the instant lawsuit in a timely fashion. "Lack of diligence, standing alone, may . . . preclude the granting of preliminary injunctive relief, because it goes primarily to the issue of irreparable harm." Majorica, S.A. v. R.H. Macy & Co., 762 F.2d 7, 8 (2d Cir. 1985). In Citibank N.A. v. Citytrust, for example, the Second Circuit found that a delay of more than ten weeks before seeking an injunction rebutted Citibank's claim that it would be irreparably harmed unless preliminary relief was granted. Id. at 276-77 ("Delay in seeking enforcement of those rights . . . tends to indicate at least a reduced need for such drastic, speedy action."); see also Roberts v. Atlantic Recording Corp., 892 F. Supp. 83, 87-88 (S.D.N.Y. 1995) (finding no irreparable harm where, after threatening to institute litigation unless plaintiff received certain assurances from the defendant by a certain date, and after defendant failed to give such assurances, plaintiff waited 12 days to bring its application for a temporary restraining order). Plaintiff here has similarly failed to bring the instant action in a timely fashion, as the Complaint was not filed until twenty-four days after he was terminated from Warnaco and thirteen days after his last communication with counsel for AAI. Plaintiff's delay in filing his Complaint belies the alleged exigency accompanying his application for injunctive relief, and such application must therefore be denied.

**III.    Plaintiff Is Unable to Show A Likelihood Of Success On The Merits**

The issuance of a temporary restraining order requires that a plaintiff demonstrate the likelihood of success on the merits of the underlying action. See S.E.C. v. Unifund SAL, 910 F.2d 1028, 1039 (2d Cir. 1990) (a party seeking an injunction must demonstrate that the probability of prevailing on the merits

4

is greater than fifty percent).  Accordingly, Plaintiff here must demonstrate that a Court is likely to determine that the covenant not to compete contained in the Employment Contract is unenforceable. Plaintiff can make no such showing.

New York courts routinely enforce non-compete agreements that are designed to guard against disclosure of "trade secrets and/or protected confidential information." Estee Lauder Companies, Inc. v. Batra, 430 F. Supp. 2d 158, 175 (S.D.N.Y. 2006); see generally BDO Seidman v. Hirshberg, 93 N.Y.2d 382, 712 N.E.2d 1220 (1999).  Trade secrets, as defined by the Restatement of Torts § 757, comment b and adopted by the New York courts, "may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives [the owner] the opportunity to obtain an advantage over competitors who do not know or use it.'" Estee Lauder, 430 F. Supp. 2d at 174; see also Sofitel, Inc. v. Dragon Med. & Scientific Commc'ns, Inc., 118 F.3d 955, 968 (2d Cir. 1997).   In deference to these standards, New York courts have applied trade secret and confidential information protection to manufacturing processes and supply sources.  See Benco Int'l Importing Corp. v. Krooks, 53 A.D.2d 536, 536 (1st Dep't 1976) (recognizing as a protected trade secret plaintiff's supply sources for the manufacture and shipment of footwear from Taiwan to the United States); Storey v. Excelsior Shook & Lumber Co., 198 A.D. 505, 506 (1st Dep't 1921) (stating that names and addresses of lumber producers used by plaintiff, along with statements of the kind, type, and quality of their product, "constituted an original list, collection, and compilation strictly confidential, and were of great value to said plaintiff in the carrying on and conducting of the business of the plaintiff"); Eastman Kodak Co. v. Powers Film Products, 189 A,D. 556, 328-330 (4th Dep't 1919) (recognizing manufacturing process as trade secret); Norbrook Labs. Ltd. v. G.C. Hanford Mfg. Co., 297 F. Supp. 2d 463, 492 (N.D.N.Y. 2003) ("Given the amount of time and money that [plaintiff] expended in developing and implementing its [special manufacturing] method, it has a protectable property interest in the method."); Universal Marine Med. Supply, Inc. v. Lovecchio, 8 F. Supp. 2d 214, 222 (E.D.N.Y. 1998) (recognizing as a trade secret "vendor contracts, pricing information, operating procedures, and other matters kept confidential or secret" that was gathered at considerable expense); Lumex, Inc. v. Highsmith, 919 F. Supp. 624, 629-30

5

(E.D.N.Y. 1996) (granting preliminary injunction to employer, finding that companies marketing similar product although at widely varying cost were "major competitors," and stating that manufacturing costs are "of course, confidential information"); see also Support Sys. Assoc. v. Tavolacci, 135 A.D.2d 704, 704-06, 522 N.Y.S.2d 604 (2d Dep't 1987) (holding plaintiff's knowledge of employer's quality control procedures was "highly confidential and entitled to trade secret protection.").

    The covenant not to compete at issue here was designed to protect against the disclosure of AAI's confidential trade-secret information obtained by Plaintiff during the course of his employment with AAI. Specifically, Plaintiff's employment involved significant research regarding, visitations to, and coordination of suppliers and potential suppliers of AAI's materials and garments. (Complaint ¶¶ 7-8). His work encompassed, but was not limited to, various aspects of pricing throughout the production pipeline and coordinating manufacturing methods. (Id.). As set forth above, such information is properly subject to trade secret (and confidential information) protection and Plaintiff therefore has failed to meet his burden of demonstrating the unenforceability of the covenant not to compete.

    Plaintiff's contention that AAI should be enjoined from enforcing its contractual rights because it has, under different circumstances, permitted other former employees to seek employment within the clothing industry is without merit. To the contrary, the facts that Plaintiff neglects to mention demonstrates not only that AAI has been consistent in its application of its covenant not to compete, but that it has sought enforcement in a responsible and narrowly tailored fashion. With regard to Plaintiff's prior employment at Victoria's Secret (Complaint ¶ 8), AAI consented to Plaintiff's employment in the costing department of the sleepwear business as AAI was not in the sleepwear business at the time and was not therefore a direct competitor. Similarly, AAI's decision to not seek application of the covenant not to compete against Aaron Grenier (Id. ¶ 25) was based on the fact that Grenier's employment was with a company who was neither a competitor or a customer.[3] With regard to Robert McGhie, while AAI did notify JC Penny, a competitor and important customer, about AAI's concern that they not use AAI's

---

[3] AAI learned the details of John Riccardi's (Complaint ¶ 25) subsequent employment for the first time through Plaintiff's affidavit and was therefore not in a position to make an informed decision regarding application of the covenant not to compete.

6

confidential information, AAI made an informed decision not to pursue immediate legal action due, primarily, to the jurisdictional uncertainties and cost associated with pursuing a claim in Hong Kong. As these examples demonstrate, barring any unforeseen and/or unusual circumstances, AAI has been consistent and reasoned in seeking to immediately and fully protect its confidential and vital trade secrets when former employees seek employment with direct competitors in violation of their agreement with AAI. AAI and Warnaco are both aggressively pursuing market share in each other's territories, and are most certainly competitors as Taylor is well aware.

### IV. Plaintiff is Barred by the Doctrine of Unclean Hands from Seeking Injunctive Relief

Plaintiff is barred from seeking equitable relief by the doctrine of unclean hands. See, e.g., Rosemont Enterprises, Inc. v. Random House, Inc., 366 F.2d 303, 313 (2d Cir. 1966) ("The plaintiff's conduct . . . was not consistent with the equity it seeks; it came into court with unclean hands. This, of itself, was sufficient reason why the district court should not have granted the preliminary injunction."). A court may deny injunctive relief based on an unclean hands defense "where the party applying for such relief is guilty of conduct involving fraud, deceit, unconscionability, or bad faith related to the matter at issue to the detriment of the other party." Gidatex S.r.L v. Campaniello Imps., Ltd., 82 F. Supp. 2d 126, 131 (S.D.N.Y. 1999) (emphasis omitted). Here, Plaintiff alleges that, in apparent recognition of the covenant not to compete, he specifically questioned AAI whether they intended to enforce the Employment Contract. (Complaint ¶ 11). Plaintiff was immediately and unconditionally informed that AAI would in fact enforce the agreement should he seek employment within the same industry. (Id.) In fact, Plaintiff fails to inform this Court that during this conversation he specifically asked whether AAI considered the agreement to apply to Warnaco, to which AAI responded that it did. Plaintiff nevertheless chose to voluntarily terminate his employment contract with AAI and seek employment with Warnaco, a current and future competitor. (Id.) Plaintiff must not now be permitted to seek an injunction against AAI to avoid the consequences of his knowing breach of the Employment Contract for behavior he was

explicitly put on notice by AAI would constitute a breach.  Plaintiff's disregard of AAI's contractual rights constitutes unclean hands and therefore bars him from seeking equitable relief from this Court.[4]

## CONCLUSION

For all of the foregoing reasons, Plaintiff's application for a temporary restraining order and preliminary injunction is facially deficient and should therefore be denied.  Alternatively, should the Court require additional information regarding Plaintiff's application, AAI reserves all rights to submit an opposition memorandum of law and supporting factual affidavits pursuant to a schedule to be determined by the Court.

Respectfully submitted,

By: /s/ Elliot G. Sagor
    Michael Starr (MS 6851)
    Elliot G. Sagor (ES 3012)
    875 Third Avenue
    New York, New York 10022
    212-918-3000

*Attorneys for Defendant*
*Ariela-Alpha International, LLC*

Dated:  August 22, 2007

---

[4] Even were Plaintiff able to demonstrate irreparable harm, a likelihood of success on the merits, and the absence of unclean hands, Plaintiff's draft Order to Show Cause and Temporary Restraining Order is impermissible vague and therefore unenforceable.  See, e.g., Lau v. Meddaugh, 229 F.3d 121, 123 (2d Cir. 2000) ("Since an injunctive order prohibits conduct under threat of judicial punishment, fairness requires that the litigants receive explicit notice of precisely what conduct is outlawed.")  Plaintiff's proposed order here "enjoining [AAI] from interfering with Taylor's employment contracts" fall far short of the explicit notice of violative conduct required.